SUCCESSION<br>OF<br>HARRELL.

---

## CLARK *v.* THE STATE BANK OF ALABAMA.

A judgment creditor is not bound to resort to a revocatory action before seizing property, which he believes to belong to his debtor, and to be held by a third-person under a simulated sale. If opposed in the excution of his writ, he will be allowed to show the transfer to be simulated; but to authorize such proof, when the possessor avers that he is the owner and exhibits a title, simulation must be specially alleged in the answer. The possessor must be informed by the pleadings of the attack to be made on his title, or testimony to establish its simulation will be inadmissible.

APPEAL from the District Court of Carroll, *Copley*, J. *Short*, for the plaintiff. *Harmon*, for the appellants. The judgment of the court was pronounced by

KING, J. The sheriff seized a slave in the possession of the plaintiff, under an execution issued upon a judgment obtained by the Bank of Alabama against *T. J. Couch*. *Clark* instituted this suit to enjoin the writ, alleging that he was the owner of the slave seized, by a title derived from *Jordan*. The answer of the bank was a general denial of all the allegations in the plaintiff's petition, and of the plaintiff's right to sue out an injunction. Upon these pleadings the parties proceeded to trial. The defendants offered to prove that, the sales of the slave seized, by *Couch* to *Jordan*, and by *Jordan* to *Clark*, were fraudulent and simulated. The testimony was objected to, and excluded, on the ground that it was inadmissible under the pleadings; and the defendants took a bill of exceptions. The plaintiff having exhibited a title under private signature ac-

CLARK
v.
STATE BANK
OF ALABAMA.

companied by possession, the judge perpetuated the injunction, without prejudice to the right of the defendants to seek the recision of the sale on the ground of fraud or simulation in a direct action, and the defendants have appealed.

The judgment creditor is not bound to resort to a revocatory action before seizing property which he believes to belong to his debtor, and to be held by a third person under a simulated sale. We have repeatedly held that, in such cases, the creditor may disregard the pretended title and seize, and that, in the event of being opposed in the execution of his writ, he will be permitted to show the transfer to be simulated and unreal. *Wright* v. *Chambliss*, 1 Ann. Rep. 262. *Hobgood* v. *Brown*, 2 Ann. Rep. 324. But in order to authorize the introduction of such proofs, simulation must be specially alleged in the answer, when the possessor of the property seized avers that he is the owner, and exhibits title in support of his alleged ownership. He must be informed by the pleadings of the intended attack to be made upon his title, that he may prepare for his defence. No such notice was given by the pleadings in the present instance, and the judge did not, in our opinion, err in rejecting the testimony offered. *Judgment affirmed.*